# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALLEN P. GOLDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF GEORGIA, NATHAN )<br>DEAL, and BRIAN OWENS, )<br>)<br>Defendants. ) | Case No. CV414-232 |

## REPORT AND RECOMMENDATION

Allen P. Golden, currently serving a prison term for child molestation, has filed a form 42 U.S.C. § 1983 civil rights complaint that challenges the validity of that conviction.[1] (Doc. 1.) He asks for millions of dollars in money damages, claiming that his plea was invalid because the judge failed to inform him of his rights as required by *Boykin v. Alabama*, 395 U.S. 238 (1969). (Doc. 1 at 5.) His case must be dismissed.[2]

---

[1] Golden was released after serving three years of a 15-year sentence but was subsequently reincarcerated for violating the terms of his release. *See* Georgia Dep't of Corrs. Inmate Query, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp.

[2] This case is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a district court to dismiss *sua sponte* an IFP plaintiff's complaint that fails to

A § 1983 damages claim that calls into question the lawfulness of a conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

---

state a claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

2

Golden cannot use § 1983 as a tool to challenge his conviction, even if he only seeks monetary damages. Perhaps he may pursue state habeas corpus relief. But until his conviction is overturned, he has no cognizable claim for damages arising from a judicial oversight during his criminal prosecution. Golden's § 1983 action should thus be **DISMISSED**.[3] He has also filed a motion seeking immediate review of his complaint. (Doc. 7.) That motion is **GRANTED** for docket-clearing purposes.

---

[3] Golden has filed three amended complaints. The first amendment is permitted as a matter of course. Fed. R. Civ. P. 15(a)(1). He states that he has sought habeas corpus relief in the state courts and he is awaiting judgment. (Doc. 6.) He asserts that this Court has supplemental and original jurisdiction over that case, but he is operating under a misunderstanding of the law. Once he has exhausted his state remedies, he may move in this Court for 28 U.S.C. § 2254 relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.). An applicant for federal habeas relief has not exhausted his state remedies if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. 2254(c).

His second and third complaint amendments, which the Court construes as motions to amend his complaint, seek to add additional parties for various wrongs unrelated to his original claim that the state judge violated his constitutional rights. Docs. 8, 9. Both amendments are denied. Allowing plaintiff to bring unrelated claims in a single § 1983 suit would undermine the objectives of the Prison Litigation Reform Act ("PLRA"), which imposes restrictions on pauper complaints filed by prisoners. *See* 28 U.S.C. § 1915(a)(2), (b), (e)(2), (g). Under the PLRA, each complaint requires a fee payment, and "if a prisoner files more than three frivolous complaints," the PLRA presents a "bar against future litigation." *Schipull v. Dretke*, 2006 WL 2844192, at *1 (S.D. Tex. Sept. 29, 2006). Filing multiple unrelated claims in one complaint offers a way around both the fee payment and the three-strike bar. Plaintiffs, therefore, may not "circumvent the PLRA's objectives of deterring frivolous prisoner complaints" by presenting unrelated claims in one action. *Id.*

Plaintiff is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes at $12 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 15TH day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA